IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>**Glenn Law**<br>c/o Foley & Lardner LLP<br>3000 K Street, N.W., Suite 500<br>Washington, D.C.  20007 | )<br>)<br>)<br>)<br>)<br>)<br>) |
| **MOBILE MICROMEDIA SOLUTIONS LLC,**<br><br>Plaintiff and Counter-Defendant,<br><br>v.<br><br>NISSAN NORTH AMERICA, INC.<br><br>Defendant and Counter-Plaintiff. | )<br>)<br>) **MISCELLANEOUS ACTION**<br>) **FILE**<br>)<br>) **CASE NO. _____**<br>)<br>) **(Civil Action File No. 5:05-CV-230**<br>) **(E.D.Tex.))**<br>)<br>) |

**MOTION TO QUASH MOBILE MICROMEDIA SOLUTIONS, LLC'S
SUBPOENA FOR DEPOSITION OF MR. GLENN LAW AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Pursuant to Federal Rule of Civil Procedure 45(c), Mr. Glenn Law respectfully requests that this Court quash the subpoena served by Mobile Micromedia Solutions, LLC ("MMS") on December 6, 2007 (Ex. 1, "Subpoena").  Plaintiff's subpoena is no more than an attempt to obtain privileged information from Mr. Law, outside counsel for Defendant Nissan North America, Inc. ("Nissan") after discovery has closed, and on topics barred by the court in which this case is pending.  For these reasons, as set forth more fully herein, Mr. Law respectfully requests that this Court quash this subpoena.

**I.    INTRODUCTION**

Mr. Law understands that on December 28, 2005, Plaintiff MMS filed suit against Nissan in the U.S. District Court, Eastern District of Texas, Texarkana Division ("the Texas case"),

alleging that various audio systems included in certain Nissan vehicles infringe claims 13-16 of U.S. Patent No. 5,420,931 ("the '931 patent"). On April 30, 2007, fact discovery closed in the Texas case (Ex. 2, "April 2007 Order").

Mr. Law understands that on July 13, 2007, in compliance with the Texas court's scheduling order, Nissan served its disclosures regarding its non-infringement defenses to the Plaintiff's charge of willful infringement (Ex. 3, "Willfulness Disclosures"). On November 14, 2007, the court in the Texas case denied the portion of MMS's motion to compel, which sought to obtain privileged documents unrelated to non-infringement of the '931 patent (Ex. 4, "November 2007 Order" at 15). Accordingly, all relevant and discoverable documents already have been produced.

Mr. Law understands that since at least July 13, 2007, MMS has been aware that he was outside counsel to Nissan who prepared a non-infringement opinion relating to the '931 patent, but MMS never requested to depose Mr. Law over the past several months. Now, five months after Nissan's willfulness disclosures, MMS seeks to depose Mr. Law. The subpoena listed no deposition topics, nor did it contain any indication that the scope of the deposition would be limited to the documents disclosed on July 13, 2007. Mr. Law respectfully requests that this Court quash this subpoena because the subpoena (1) was issued after fact discovery was closed, and is therefore not timely, and (2) Plaintiff has no need for privileged information unrelated to non-infringement of the '931 patent, which runs afoul of the November 2007 Order.

## II.    LEGAL STANDARD

Rule 45 of the Federal Rules of Civil Procedure ("Rule 45") governs discovery of non-parties by subpoena. The Advisory Committee Notes to the 1970 Amendment to Rule 45 state that the "scope of discovery through a subpoena is the same as that applicable to Rule 34 and

other discovery rules." Rule 45 advisory committee's note (1970). Rule 34 in turn states that the rule governing the production of documents between parties is specified in Rule 26(b). FED. R. CIV. P. 34. *See also Exxon Shipping Co. v. U.S. Dept. of Interior,* 34 F.3d 774, 779 (9th Cir. 1994) (applying both Rule 26 and Rule 45 standards to rule on a motion to quash subpoena).

Rule 26 states that "[a]ll discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii) and (iii)" which requires the discovery methods be limited where:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

In addition to the discovery standards under Rule 26, Rule 45 itself endows courts with the authority, and the responsibility, to protect non-parties that would be unduly burdened or inconvenienced by a subpoena seeking the production of documents. FED. R. CIV. P. 45(c)(3)(A)(iv) (the court "shall quash or modify the subpoena if it . . . subjects a person to undue burden").[1] "The determination [of undue burden] . . . requires a court to balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it." Wright & Miller, *Federal Practice and Procedure 2d.*, § 2463 at 72 (West 1995). This Court, which issued the subpoena, has the power and the broad discretion to quash it. *See* FED. R. CIV. P. 45 (c)(3)(A).

---

[1] *See also* FED. R. CIV. P. 45(c)(3)(B)(i) (the court "may quash or modify" the subpoena if it "requires disclosure of a trade secret or other confidential research, development, or commercial information").

## III.    ARGUMENT

### A.    MMS's Subpoena is Untimely as Fact Discovery in the Texas Case Has Ended and Plaintiff Unreasonably Delayed in Requesting Mr. Law's Deposition

Rule 45 subpoenas are "discovery" under Rules 16 and 26 of the Federal Rules of Civil Procedure, and are subject to the same deadlines as other forms of discovery. *Dag Enterprises, Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95, 104 (D.D.C. 2005). The deposition that MMS seeks from Mr. Law was available to MMS when Nissan submitted its willfulness disclosures and for months thereafter. MMS knew that Mr. Law prepared a non-infringement opinion for Nissan since at least July 13, 2007, but MMS failed to seek his deposition and provide notice to Mr. Law within a reasonable time period. This Court has routinely denied requests for discovery beyond a cut-off date where a party has shown a lack of diligence during the allowed time period. *Smith Wilson Co. v. Trading & Dev. Establ.*, Civ. No. 90-1125, 1991 WL 171689, at *1 (D.D.C. Aug. 20, 1991); *Secord v. Cockburn*, 747 F. Supp. 779, 786 (D.D.C.1990) ("Where a party fails to pursue discovery in the face of a court-ordered cutoff, as here, that party may not be heard to plead prejudice resulting from his own inaction") (citation omitted); *Senkow v. Herrington*, Civ. No. 86-2220, 1989 WL 46747, at *1 (D.D.C. Apr. 25, 1989). *See also Integra Lifesciences I, Ltd. v. Merck KGaA*, 190 F.R.D. 556, 561 (S.D.Cal.1999) ("Case law establishes that subpoenas under Rule 45 are discovery, and must be utilized within the time period permitted for discovery in a case."); *BASF Corp. v. Old World Trading Co.*, Civ. No. 86-5602, 1992 WL 24076, at *2 (N.D.Ill. Feb. 4, 1992) ("Here, discovery has been closed for almost eleven months, and the court will not allow the parties to engage in discovery through trial subpoenas.").

Mr. Law understands that Nissan's willfulness disclosures were made on July 13, 2007, in compliance with the Court's scheduling order. (Ex. 5, Amended Scheduling Order). Mr. Law

also understands that the parties were scheduled to make all pretrial disclosures by September 21, 2007. *Id.* Throughout this time, Plaintiff never made any effort to depose Mr. Law.

The progress of a federal action is controlled by scheduling orders and pretrial orders that impose deadlines for the conduct of discovery, including deadlines for the use of third party subpoenas. 9 James Wm. Moore et al., *Moore's Federal Practice* - Civil § 45.03[2] (2007). MMS's attempt to skirt the scheduling order in the Texas case should not be rewarded by allowing it to take Mr. Law's deposition at this late date from a third party it has known about for several months. *Dag Enterprises, Inc.*, 226 F.R.D. at 104 (a scheduling order is intended to serve as the unalterable road map for the remainder of the case, and disregarding a scheduling order "would undermine the court's ability to control its docket, disrupt the agreed-upon course of litigation, and reward the indolent and the cavalier") (citations omitted).

Rule 26(c), which Rule 45 incorporates by reference, provides that a court may "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including… that discovery not be had…" FED. R. CIV. P. 26(c). MMS's subpoena here is clearly an attempt to circumvent the discovery deadlines set in the Texas case. Proper maintenance of the integrity of the deadlines set by the Texas court demands that this Court grant the motion to quash MMS's subpoena.

**B.      MMS's Subpoena Seeks Privileged Material and Should Therefore Be Quashed under FED. R. CIV. P. 45(c)(3)(A)(iii)**

Mr. Law is outside counsel for Nissan and his deposition will require disclosure of privileged information. This court has the power to quash subpoenas that require disclosure of privileged or otherwise protected material. *See* FED. R. CIV. P. 45(c)(3)(A)(iii). Plaintiff cannot show good cause for deposing Mr. Law. To the extent that MMS seeks to depose Mr. Law

regarding non-infringement of the '931 patent, Mr. Law understands that MMS has already been provided with such information (Ex. 4, November 2007 Order) ("Nissan has produced all of its in-house documents relating to the subject matter of the opinion of counsel upon which is relies to defend upon charges of willful infringement").  Accordingly, such deposition questions are unnecessary and duplicative.

To the extent that MMS seeks to obtain information unrelated to non-infringement of the '931 patent, Mr. Law understands that such deposition questions are irrelevant and run afoul of the November Order in the Texas case (Ex. 4, "November 2007 Order" at 15) ("Mobile is not entitled to documents regarding Nissan's in-house investigation of the '931 patent unrelated to non-infringement").  Accordingly, Plaintiff's motion should be quashed under Federal Rule of Civil Procedure 45(c)(3)(A)(iii).

## IV.    CONCLUSION

Mr. Law respectfully requests that this Court quash MMS's subpoena because (1) it is untimely as fact discovery has already closed, and (2) it seeks to obtain privileged information that is either duplicative or unrelated to non-infringement of the '931 patent.

Respectfully submitted,

Kenneth E. Krosin (D.C. Bar No. 114330)
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 500
Washington, D.C.  20007
Telephone: 202.672.5332
Facsimile: 202.672.5399
E-Mail:  kkrosin@foley.com

*Attorney for Mr. Glenn Law*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN RE:** )<br><br>**Glenn Law** )<br>**c/o Foley & Lardner LLP** )<br>**3000 K Street, N.W., Suite 500** )<br>**Washington, D.C. 20007** )<br>_____)<br> )<br>**MOBILE MICROMEDIA SOLUTIONS LLC,** )<br> )<br>    **Plaintiff and Counter-Defendant,** )<br> )<br>    **v.** )<br> )<br>**NISSAN NORTH AMERICA, INC.** )<br> )<br>    **Defendant and Counter-Plaintiff.** )<br>_____) | **MISCELLANEOUS ACTION FILE**<br><br>**CASE NO. _____**<br><br>**(Civil Action File No. 5:05-CV-230 (E.D.Tex.))** |

**ORDER GRANTING MOTION TO QUASH MOBILE MICROMEDIA
SOLUTIONS, LLC'S SUBPOENA FOR DEPOSITION OF MR. GLENN LAW**

BEFORE THE COURT is Mr. Glenn Law's Motion to Quash Mobile Micromedia

Solutions LLC's subpoena for deposition of Mr. Glenn Law. After considering the same, the

Court is of the opinion that it should in all things be granted. The Court therefore:

ORDERS that Mr. Glenn Law's Motion to Quash Mobile Micromedia Solutions, LLC's

Subpoena for Deposition of Mr. Glenn Law hereby be granted.


_____
District Court Judge

COUNSEL OF RECORD ATTACHED.

**COUNSEL OF RECORD:**

| *Attorneys for Plaintiff Mobile Micromedia Solutions, LLC* | |
|---|---|
| Steven G. Hill<br>Eric G. Maurer<br>Matthew D. Durell<br>HILL, KERTSCHER & WHARTON, LLP<br>3350 Riverwood Parkway, Suite 800<br>Atlanta, GA 30339<br>Telephone: (770) 953-0995<br>Facsimile: (770) 953-1358 | Nicholas H. Patton<br>PATTON, TIDWELL & SCHROEDER, LLP<br>4605 Texas Boulevard<br>P.O. Box 5398<br>Texarkana, TX 75505-5398<br>Telephone: (903) 792-7080<br>Facsimile: (903) 792-8233 |
| Patricia L. Peden (*by First Class Mail Only*)<br>LAW OFFICE OF PATRICIA L. PEDEN<br>610 16th Street, Suite 400<br>Oakland, California 94612<br>Telephone: (510) 268-8033<br>Facsimile: *Not Available* | |
| *Attorneys for Defendant Nissan North America, Inc.* | |
| Jeffrey S. Patterson<br>Jeffrey J. Cox<br>Thomas J. Adair<br>**HARTLINE, DACUS, BARGER, DREYER & KERN, L.L.P.**<br>6688 North Central Expressway, Suite 1000<br>Dallas, Texas 75206<br>Telephone: (214) 369-2100<br>Facsimile: (214) 369-2118 | John M. Caracappa<br>C. Donald Stevens<br>**STEPTOE & JOHNSON LLP**<br>1300 Connecticut Avenue, N.W.<br>Washington, D.C. 20036<br>Telephone: (202) 429-6262<br>Facsimile: (202) 429-3902 |
| *Attorney for Mr. Glenn Law* | |
| Kenneth E. Krosin (D.C. Bar No. 114330)<br>Foley & Lardner LLP<br>3000 K Street, N.W., Suite 500<br>Washington, D.C. 20007<br>Telephone: 202.672.5332<br>Facsimile: 202.672.5399<br>E-Mail: kkrosin@foley.com | |

## CERTIFICATE OF SERVICE

I, Kenneth E. Krosin, certify that on December 19, 2007, I caused a copy of the foregoing **MOTION TO QUASH MOBILE MICROMEDIA SOLUTIONS, LLC'S SUBPOENA FOR DEPOSITION OF MR. GLENN LAW AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**, and **PROPOSED ORDER** to be served by first-class mail and facsimile (unless otherwise indicated) on the below-listed counsel of record:

| *Attorneys for Plaintiff Mobile Micromedia Solutions, LLC* | |
|---|---|
| Steven G. Hill<br>Eric G. Maurer<br>Matthew D. Durell<br>HILL, KERTSCHER & WHARTON, LLP<br>3350 Riverwood Parkway, Suite 800<br>Atlanta, GA 30339<br>Telephone: (770) 953-0995<br>Facsimile: (770) 953-1358 | Nicholas H. Patton<br>PATTON, TIDWELL & SCHROEDER, LLP<br>4605 Texas Boulevard<br>P.O. Box 5398<br>Texarkana, TX 75505-5398<br>Telephone: (903) 792-7080<br>Facsimile: (903) 792-8233 |
| Patricia L. Peden (*by First Class Mail Only*)<br>LAW OFFICE OF PATRICIA L. PEDEN<br>610 16th Street, Suite 400<br>Oakland, California 94612<br>Telephone: (510) 268-8033<br>Facsimile: *Not Available* | |

| *Attorneys for Defendant Nissan North America, Inc.* | |
|---|---|
| Jeffrey S. Patterson<br>Jeffrey J. Cox<br>Thomas J. Adair<br>**HARTLINE, DACUS, BARGER, DREYER & KERN, L.L.P.**<br>6688 North Central Expressway, Suite 1000<br>Dallas, Texas 75206<br>Telephone: (214) 369-2100<br>Facsimile: (214) 369-2118 | John M. Caracappa<br>C. Donald Stevens<br>**STEPTOE & JOHNSON LLP**<br>1300 Connecticut Avenue, N.W.<br>Washington, D.C. 20036<br>Telephone: (202) 429-6262<br>Facsimile: (202) 429-3902 |

Dated: December 19, 2007

Kenneth E. Krosin

AO88  (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF    Columbia

Mobile MicroMedia SolutionsLLC, a Texas limited
liability company
        V.

Nissan North America, Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  5:05cv230  (E. Dist. TX)

TO:  Glenn Law, FOLEY & LARDNER, 3000 K Street, N.W., Suite 500, Washington, DC 20007

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| FOLEY & LARDNER, 3000 K Street, N.W., Suite 500, Washington, DC 20007 | December 21, 2007 @ 9:00 a.m. |

☐  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Nicholas H. Patton* | December 6, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Nicholas H. Patton, Patton, Tidwell & Schroeder, LLP, P.O. Box 5398, Texarkana, TX 75505-5398  (903.792.7080)

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

# PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

# DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                    DATE                              SIGNATURE OF SERVER

                                             _____
                                             ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| MOBILE MICROMEDIA SOLUTIONS LLC, a Texas limited liability company, | § § § | |
| Plaintiff, | § § | |
| v. | § | No. 5:05cv230 |
| NISSAN NORTH AMERICA, INC., a foreign corporation, | § § § | |
| Defendant. | § | |

## <u>NOTICE OF INTENT TO TAKE ORAL DEPOSITION OF GLENN LAW</u>

PLEASE TAKE NOTICE that pursuant to the attached deposition subpoena, Mobile Micromedia Solutions, Inc. will take the oral videotaped deposition of Glenn Law on December 21, 2007 at 9:00 a.m. at the law offices of FOLEY & LARDNER, 3000 K Street, N.W., Suite 500, Washington, DC 20007.

Respectfully Submitted,

By: _____
Nicholas H. Patton
TX State Bar No. 15631000
**PATTON, TIDWELL & SCHROEDER, L.L.P.**
4605 Texas Blvd,
P.O. Box 5398
Texarkana, Texas 75505-5398
(903) 792-7080
(Fax) 791-6258

Patricia L. Peden
LAW OFFICE OF PATRICIA L. PEDEN
610 16th Street, Suite 400
Oakland, California 94612
Telephone: 510.268.8033

Eric G. Maurer
*Admitted pro hac vice*
HILL, KERTSCHER & WHARTON, LLP
3350 Riverwood Parkway, Suite 800
Atlanta, Georgia 30339
Telephone:  770.953.0995
Facsimile:  770.953.1358

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 7th day of December, 2007.

Nicholas H. Patton



FOLEY & LARDNER LLP  05/2005
PETTY CASH ACCOUNT
3000 K ST NW  STE 500
WASHINGTON, DC 20007-5111
(202) 672-5300

10575

12/19/2007

PAY TO THE
ORDER OF    Clerk, U.S. District Court

$ **39.00

Thirty-Nine and 00/100*********************************************************    DOLLARS

Clerk, U.S. District Court

SunTrust
SunTrust Bank
68-970/690

AUTHORIZED SIGNATURE

MEMO    Filing Fee for Motion KEKR  999200-0692

⑈0⑈0575⑈ ⑈0⑈5500270⑈ ⑈0000258914⑈

Security Features Included    Details on Back.

FOLEY & LARDNER LLP/PETTY CASH ACCOUNT                                10575

Clerk, U.S. District Court                          12/19/2007              39.00

Petty Cash              Filing Fee for Motion KEKR  999200-0692                    39.00

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| MOBILE MICROMEDIA SOLUTIONS LLC, § | | |
| a Texas limited liability company § | | |
| § | | |
| Plaintiff, § | CIVIL ACTION NO. 505-CV-230 | |
| § | | |
| vs. § | | |
| § | [JUDGE FOLSOM] | |
| NISSAN NORTH AMERICA, INC., § | | |
| § | **JURY** | |
| Defendant. § | | |

## ORDER GRANTING PARTIES' MOTION FOR EXTENSION OF TIME

The Court having considered the parties' Joint Report and Motion for Extension

of Time has determined that it should be in all things GRANTED.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that the Joint

Motion to Extend Certain Deadlines is GRANTED in its entirety so that the deadline for

fact discovery is extended until April 30, 2007 for the limited purposes of:

1)    Providing to Plaintiff the financial information pertaining to its

Interrogatory No. 4, Requests for Production 10 and 11, and Topics 5 and

6 of its First Rule 30(b)(6) Notice of Deposition of Nissan North America,

pursuant to this Court's April 4, 2007 Order and such applicable

agreement(s) of counsel relating to the subject matter of said Order;

2)    Obtaining the deposition testimony of a designee(s) of Plaintiff pursuant to

Federal Rule of Civil Procedure 30(b)(6), presently scheduled for April

18, 2007; and

3)    Conferring with each other with a view towards resolving any discovery

disputes relating to responding to and securing amended responses and

**ORDER GRANTING PARTIES MOTION FOR EXTENSION OF TIME**

supplementation to outstanding interrogatories and requests for production

of documents propounded as of January 1, 2007.


**SIGNED this 17th day of April, 2007.**


DAVID FOLSOM
UNITED STATES DISTRICT JUDGE

**ORDER GRANTING PARTIES MOTION FOR EXTENSION OF TIME**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| MOBILE MICROMEDIA SOLUTIONS LLC, | ) | |
| | ) | CIVIL ACTION FILE |
| Plaintiff, and Counter-Defendant, | ) | NO. 5:05-CV-230 |
| | ) | |
| v. | ) | [JUDGE FOLSOM] |
| | ) | |
| NISSAN NORTH AMERICA, INC. | ) | JURY |
| | ) | |
| Defendants, Counter-Plaintiffs. | ) | |
| | ) | |

## RULE 3-7 WILLFULNESS DISCLOSURES

Pursuant to the Amended Docket Control Order and Local Patent Rule 3-7, Nissan has served, upon counsel of record, the opinions of counsel, as well as related documents, upon which Nissan North America ("Nissan") will rely as part of its defense to the claim of willful infringement.

Nissan has also served a Second Amended Privilege Log which references documents Nissan is withholding due to attorney-client privilege, work product privilege, and/or the common interest joint defense privilege.

Dated: July 13, 2007

By: _/s/ Jeffrey S. Patterson_
**JEFFREY S. PATTERSON** (Attorney in Charge)
State Bar No. 15596700
**JEFFREY J. COX**
State Bar No. 04947530
**THOMAS J. ADAIR**
State Bar No. 24047753
**HARTLINE, DACUS, BARGER,**
**DREYER & KERN, L.L.P.**
6688 North Central Expressway, Suite 1000
Dallas, Texas 75206
(214) 369-2100
(214) 369-2118 (Fax)
jpatterson@hdbdk.com
jcox@hdbdk.com
tadair@hdbdk.com

*Of counsel*
**JOHN M. CARACAPPA**
**C. DONALD STEVENS**
STEPTOE & JOHNSON
1330 Connecticut Ave
Washington, DC 20036
(202) 429-6262
(202) 429-3902
jcaracappa@steptoe.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 13th day of July, 2007, a true and correct copy of this pleading was served in accordance with the Federal Rules of Civil Procedure on all known counsel of record by electronic service *via* the Court's CM/ECF system, facsimile, and/or first class mail.

_/s/  Thomas J. Adair_____

IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| MOBILE MICROMEDIA SOLUTIONS LLC, a Texas limited liability company | § § § | |
| V. | § § | No.  5:05CV230 |
| NISSAN NORTH AMERICA, INC., a foreign corporation | § § § | |

## ORDER

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for Assignment of Duties to United States Magistrate Judges, Plaintiff's Motion to Compel Privilege Log Documents (Docket Entry # 159) and Plaintiff's Motion to Exclude Materials Disclosed Out of Time (Docket Entry # 161) were referred to the Honorable Caroline M. Craven for the purposes of hearing and determining said motions.  The Court, having reviewed the relevant briefing and hearing arguments of counsel,[1] issues the following Order.

## I.  FACTUAL BACKGROUND

On December 28, 2005, Mobile Micromedia Solutions, LLC ("Mobile") filed a complaint against Nissan North America, Inc. ("Nissan") for infringement of U.S. Patent No. 5,420,931 ("the '931 patent").  Plaintiff contends that Defendant has in the past and presently continues to infringe, contribute to infringement, and/or induce infringement of the '931 patent by making, using, selling and/or offering to sell, in this judicial district and elsewhere in the United States, products and services which alone and/or in use are covered by at least one claim of the '931 patent.

---

[1] The Court conducted a hearing on Mobile's motions on October 23, 2007.

## II. PROCEDURAL BACKGROUND[2]

On April 7, 2003, Mobile's lead counsel, Steve Hill, sent a letter to Nissan alleging that Nissan infringes the '931 patent and U.S. Patent No. 5,722,069 ("the '069 patent"). Hill, representing the inventor Irah Donner, alleged that any Nissan vehicles incorporating an integrated video entertainment system with a DVD player would infringe these patents. From 2003 to December 28, 2005, Nissan reviewed the claims in both the '931 and '069 patents.

On July 13, 2007, Nissan produced two opinions of counsel. The first opinion, dated March 2004 and written by Foley & Lardner, related to the non-infringement of certain claims of the '931 patent. The second opinion, dated July 2007, memorialized the earlier opinion and discussed the reasons and basis for the March 2004 opinion. Nissan asserts it produced all documents within its possession, custody, and control relating to the subject matter of these opinions. On the same day, Nissan produced a privilege log, including attorney-client communications and attorney work products unrelated to the '931 patent, unrelated to the claims at issue in the '931 patent, and unrelated to Mobile's claim of literal infringement. Nissan represents it has produced all documents relating to Mobile's claim that the accused products literally infringe claims 13-16 of the '931 patent.

### III. MOTION TO COMPEL PRIVILEGE LOG DOCUMENTS

**A.     Mobile's assertions**

In its first motion, Mobile asserts Nissan produced a formal opinion of counsel written by Glenn Law of Foley & Lardner, but Nissan refuses to produce documents regarding the subject matter of Mr. Law's opinion. According to Mobile, documents regarding Nissan's pre-suit in-house investigation and its subsequent decision not to license the '931 patent are the type of documents

---

[2] The Court's background is taken from Nissan's response brief.

2

needed to demonstrate the objectively reckless nature of Nissan's ongoing willful infringement. Mobile asserts Nissan must also produce all other opinions of counsel and all documents concerning those opinions. Specifically, Mobile seeks the November 8, 2004 Panasonic opinion and related documents, asserting Nissan admitted that it has the Panasonic opinion in its possession and that the opinion is related to the subject matter of the Foley & Lardner opinion provided to both Nissan and Mr. Law. Mobile also seeks an unredacted version of the January 12, 2005 Clarion opinion which was reviewed and commented on by Nissan.

**B.     Nissan's response**

According to Nissan, Mobile is not entitled to documents which do not relate to claims 13-16 of the '931 patent; documents relating to the '069 patent remain privileged and are not relevant to any issue in this case. Nissan further asserts Mobile is not entitled to documents which do not relate to the accused Nissan products. Although Nissan chose to waive only communications and communicated work produced regarding non-infringement, Nissan contends it did not waive privilege with respect to unenforceability, invalidity, and other defenses when it relied on an opinion of counsel relating to non-infringement.

Finally, Nissan asserts the common interest doctrine protects Nissan's communications regarding non-infringement with its suppliers, Panasonic and Clarion. According to Nissan, it cannot waive the privileges of other parties with whom it shares a common legal interest.

**C.     Applicable law**

The law of the Federal Circuit governs discovery disputes over the extent to which a party waives privilege when it asserts the advice of counsel defense against a charge of willful patent infringement. *In re Echostar Comm's Corp.*, 448 F.3d 1294, 1298 (Fed. Cir. 2006). A party

withholding relevant documents based on a privilege exemption bears the burden of demonstrating

its applicability. *See In re Santa Fe Intern. Corp.*, 272 F.3d 705, 710 (5th Cir. 2001). A privilege,

even if validly asserted, may be waived.

"Since willfulness is a question of the accused infringer's state of mind, inquiries into

willfulness focus on whether the accused infringer's beliefs and actions were reasonable." *Autobytel,*

*Inc. v. Dealix Corp.*, 455 F.Supp.2d 569, 571-72 (E.D. Tex. 2006). "The reasonableness of an

infringer's reliance on advice of counsel is an important factor in determining whether infringement

was willful." *Id.* at 572. When a defendant asserts an advice-of-counsel defense, the defendant

waives privilege as to both communicated work product and attorney-client communications

regarding the subject matter of the opinion "because such documents are evidence of a relevant and

non-privileged fact, namely what the defendant knew about infringement." *Id.*

In *In re Echostar*, the Federal Circuit explained the scope of waiver that accompanies a

defendant's reliance on an advice of counsel defense. *Echostar*, 448 F.3d at 1301-02. There,

Echostar sought to prevent the disclosure of an opinion of counsel that it had commissioned from

an outside law firm but had not relied upon. Instead, Echostar relied on the work performed by its

in-house counsel. Echostar argued that an internal investigation constituted a different subject matter

than that contained in the outside opinion. *Id.* at 1299. The Federal Circuit disagreed, finding that

both were legal opinions concerning the same "subject matter" and were both therefore discoverable.

*Id.*

Next, the Federal Circuit considered the types of waivers that were implicated by Echostar's

reliance on an advice of counsel defense. The court held that the scope of the waiver depends upon

the privilege asserted. The court treated the attorney-client communication waiver and the attorney-

work product waiver separately and held that work product waiver is not as broad as the attorney-client privilege waiver. *Id.* at 1302. The court found that an advice of counsel defense triggers a broad waiver extending to all counsel[3] communications and communicated work product relating to the subject matter of the opinion. However, the court held that waiver did not extend to work product not communicated to an accused infringer. *Id.* at 1302. The Federal Circuit recognized that redaction might be required to protect information outside the scope of the waiver. *Id.* at 1304 (stating that parties should take special care to redact uncommunicated work product from documents which reference an attorney-client communication within the scope of the waiver).

Courts applying *Echostar's* "subject matter" waiver have reached different results on the issue of whether waiver of an opinion on one defense (i.e. non-infringement) also triggers a waiver of an opinion of other defenses (i.e. invalidity and unenforceability). In *Autobytel, Inc. v. Dealix Corp.*, 455 F.Supp.2d 569 (E.D. Tex. 2006), the defendant relied on a non-infringement opinion concerning the patent-in-suit. *Id.* at 571. The defendant produced to the plaintiff the non-infringement opinion and all documents related to the opinion that were in opinion counsel's possession, but the defendant's trial counsel first redacted all work product that had been communicated to the defendant. *Id.* The defendant did not produce a privilege log in accordance with the court's Local Patent Rule 3-8(b). *Id.*

The plaintiff asserted the defendant had waived privilege regarding communications and documents relating to non-infringement in the defendant's possession, including communications and work product from opinion counsel; communications between the defendant and Cobalt, the

---

[3] "*Echostar* did not consider waiver of the advice of counsel defense as it relates to trial counsel." *In re Seagate*, 497 F.3d 1360, 1370 (Fed. Cir. 2007).

entity that acquired the defendant; and opinions or correspondence concerning the non-infringement opinion or concerning the patent-in-suit from the defendant's counsel during its merger with Cobalt. *Id.* The plaintiff argued, among other things, that the defendant's reliance on a non-infringement opinion waived communications regarding non-infringement, enforceability, and validity. *Id.* at 574.

The court held that when an advice-of-counsel defense of only non-infringement is asserted, a waiver as to unenforceability, validity, and infringement is not mandated. *Id.* at 575. The scope of subject matter waiver is limited to discovery related to whether a defendant's reliance on an asserted non-infringement opinion was reliable. *Id.* The court noted that "inquiries into the infringer's state of mind not addressed in the underlying opinion are of limited utility in determining whether the infringer's reliance on the underlying opinion is reasonable." *Id.* The court then balanced this limited utility against the policies of the attorney-client and work product privileges. *Id.* The court declined to interpret *Echostar* as requiring a "broad and ultimately unhelpful subject-matter waiver." *Id.* Therefore, the court limited the scope of the subject matter waiver to potential infringement of the patent-in-suit. *Id.*

The court then considered the plaintiff's motion to compel disclosure of communications between the defendant and Cobalt that related to infringement or analysis of the patent-in-suit. The defendant argued that such communications and work product were confidential under the common legal interest doctrine and were not within the scope of the advice-of-counsel waiver. *Id.* at 576. The court found the common legal interest privilege extended to communications between the defendant and Cobalt regarding "common legal issues that were intended to facilitate representation in possible subsequent infringement litigation. . . . However, when [the defendant] asserted the advice-of-counsel defense, it waived the [common legal interest] privilege as to communications or

6

communicated work product related to potential infringement of the 517 patent or related to the non-infringement opinion." *Id.* The court held the plaintiff was entitled to documents and communications between the defendant and Cobalt within ninety days before or after the date on which the defendant received the non-infringement opinion. *Id.*

Recently, the Federal Circuit again addressed the scope of waiver of the attorney-client privilege when an advice-of-counsel defense is asserted. In *In re Seagate*, Seagate relied on three opinion letters in defending against willful infringement. *In re Seagate*, 2007 WL 2358677 (Fed. Cir. 2007). The trial court concluded that Seagate waived the attorney-client privilege for all communications between it and any counsel, "including its trial attorneys and in-house counsel, concerning the subject matter of the opinions, i.e., infringement, invalidity, and enforceability." *Id.* at 1366-67. The trial court also determined that protection of work product communicated to Seagate was waived. *Id.* at 1367.

On appeal, the Federal Circuit confronted the "willfulness scheme and its functional relationship to the attorney-client privilege and work product protection." *Id.* at 1370. Specifically, the court addressed whether waiver resulting from advice of counsel and work product defenses extends to trial counsel. *Id.* In revisiting its willful doctrine, the court overruled the lower threshold for willful infringement set out in *Underwater Devices Inc. v. Morrison-Knudsen Co.*, 717 F.2d 1380 (Fed. Cir. 1983). The Federal Circuit held that proof of willful infringement permitting enhanced damages requires at least a showing of objective recklessness. *In re Seagate*, 497 F.3d at 1371. The court also emphasized there is no affirmative obligation to obtain opinion of counsel. *Id.*

The Federal Circuit then turned to the ultimate dispute in the case, the proper scope of discovery and the appropriate scope of waiver of the attorney-client privilege resulting from an

advice of counsel defense asserted in response to a charge of willful infringement. *Id.* at 1371-72. The court concluded that "significantly different functions of trial counsel and opinion counsel advise against extending waiver to trial counsel." *Id.* at 1373. According to the court, it did not adopt an "absolute rule" regarding the scope of the waiver in this context. *Id.* at 1374. In determining what constitutes the "subject matter of a waiver," courts must weigh the circumstances of the disclosure, the nature of the legal advice sought, and the prejudice to the parties. *Id.*

**D.    Discussion**

**1.    Background issues**

In 2003, Mobile contacted Nissan about licensing the '931 patent and the '069 patent. Between 2003 and 2005, Nissan conducted an internal investigation regarding both patents, looking at non-infringement, invalidity, and products not accused in this case. To defend against Mobile's claims of willful infringement, Nissan has relied on an opinion letter written by Foley & Lardner as well as Nissan in-house counsel's pre-suit investigation relating to non-infringement of the '931 patent.

On July 13, 2007, Nissan produced all documents relating to the subject matter (i.e. non-infringement) of the Foley & Lardner opinion (with the exception of the Panasonic non-infringement opinion, documents related to the Panasonic opinion, and an unredacted copy of the Clarion opinion provided to Nissan by Panasonic and Clarion). The same day, Nissan also provided to Mobile all documents relating to the pre-suit investigation relating to non-infringement. On August 23, 2007, Foley & Lardner produced all documents related to the subject matter of the Foley & Lardner opinion (i.e. non-infringement).

In its current motion, Mobile asserts the circumstances of the Foley & Lardner disclosure and

8

the nature of the legal advice sought requires disclosure of all Nissan's willfulness defenses (i.e. invalidity).  Mobile seeks all Nissan documents regarding willful infringement, including (1) documents regarding Nissan's in-house investigation of the '931 patent; (2) all communications and work product exchanged with Mr. Law; (3) all other opinions of counsel; and (4) all communications and communicated work product exchanged with Nissan's alleged common interest defendants.

Other than the Panasonic and Clarion opinions, Nissan has waived privilege related to infringement.  According to the authority cited above, the waiver extends to all communications opining on infringement, but does not include any attorney work product or opinions that have not been communicated to Nissan.  Regarding the Panasonic and Clarion opinions, Nissan argues it shares a common legal interest privilege with its suppliers, Panasonic and Clarion, justifying its withholding from production those documents. The Court first considers whether Nissan can rely upon the common interest defendant to withhold documents regarding infringement.

## 2.    Whether Nissan can rely upon a common interest defense to withhold Panasonic and Clarion documents

Even though Mobile asserts Nissan's infringement expert and opinion of counsel rely on Panasonic's opinion of counsel, Nissan has not produced the Panasonic non-infringement opinion and a few documents that discuss the Panasonic opinion.  Clarion also provided Nissan an opinion of counsel.  According to Nissan, Clarion's opinion was not thorough enough so Nissan chose not to rely on it. Nissan has produced to Mobile the Clarion opinion in redacted form, redacting issues related to the '069 patent, non-accused products, or issues other than non-infringement.

Mobile asserts it is entitled to copies of both opinions and documents that discuss the opinions. Specifically, Mobile argues Nissan cannot establish the existence of a common legal

interest privilege, and if it could, the privilege has been waived.

The common legal interest doctrine "extends the attorney-client privilege to communications prompted by threatened or actual civil or criminal proceedings and is intended to facilitate representation between potential co-defendants with a common legal interest and their counsel." *Autobytel*, 455 F.Supp.2d at 576. Here, Nissan asserts Panasonic and Clarion supply essential components of Nissan's accused entertainment systems, and such shared product development implicates common legal interests between a supplier and its customer in the face of patent infringement allegations. Although Panasonic, Clarion, and Nissan later formalized their common legal interest by signing joint defense agreements, which appear on Nissan's privilege log, Nissan asserts Nissan and its supplier companies have held a common legal interest since the time period when Mr. Hill accused Nissan of infringing the '931 patent. Specifically, Nissan asserts it worked with its suppliers as part of its in-house investigation.

As urged by Mobile, the Court is not convinced the withheld communications between Nissan and its suppliers were made to facilitate legal representation between Nissan and its suppliers who were *at the time* all pursuing a common legal interest. *See Autobytel*, 455 F.Supp.2d at 576. Mobile asserts Nissan's own documents reveal that at the time Panasonic became involved, Nissan had already conducted its internal investigation, and most of the documents that Nissan is withholding were created before that date.

However, the Court will assume that Nissan and its suppliers were potential co-defendants in Mobile's lawsuit and acted under a threat of imminent litigation by Mobile. Even assuming Nissan and its suppliers had a common interest privilege extending to communications between Nissan and Panasonic and Clarion regarding common legal issues, the Court agrees with Mobile that

10

the privilege has been waived.  In *Autobytel*, Judge Davis made clear that when the defendant asserts an advice-of-counsel defense, it waives the common legal interest privilege "as to communications or communicated work product related to potential infringement of the [patent-in-suit] or related to the non-infringement opinion."  *Autobytel*, 455 F.Supp.2d at 576.

Nissan asserts the Panasonic and Clarion opinions were provided to Mr. Law after his draft opinion, and thus are not relevant.  The formal Foley & Lardner opinion is dated July 12, 2007.  Up to that time, Mr. Law was free to alter his opinion.  The Panasonic and Clarion opinions of counsel may have contained information from which an objective opinion counsel would have altered his opinion, and Mr. Law's failure to do so is relevant to evaluating his opinion.  The Panasonic and Clarion opinions are relevant and discoverable.

Therefore, this portion of Mobile's motion is **GRANTED**. Within twenty days from the date of entry of this Order, Nissan shall produce to Mobile the Panasonic and Clarion opinions and documents related to the opinions.  Nissan may redact information that is either unrelated to infringement of the '931 patent, unrelated to the non-infringement opinion, or that represents uncommunicated work product. The waiver is limited to documents within ninety days before or after the date on which Nissan received the Panasonic and Clarion opinions.

3.     **Whether Mobile is entitled to other privileged documents unrelated to non-infringement**

The Court now considers whether Mobile is entitled to other privileged documents unrelated to non-infringement, including documents exchanged between Nissan and Foley & Lardner, Nissan's prelitigation investigation documents, and invalidity documents.

Again, the Federal Circuit has explained the scope of waiver that accompanies a defendant's

reliance on an advice of counsel defense. *Echostar*, 448 F.3d at 1301-02. The court found that an advice of counsel defense triggers a broad waiver extending to all non-trial counsel communications relating to the subject matter of the opinion. *Id.* However, the court held that waiver did not extend to work product not communication to an accused infringer. *Id.* at 1302. In so holding, the court stated that "when an alleged infringer asserts its advice-of-counsel defense regarding willful infringement of a particular patent, it waives its immunity for any document or opinion that embodies or discusses a communication to or from it concerning whether that patent is valid, enforceable, and infringed by the accused." *Id.* at 1304.

Courts applying *Echostar's* "subject matter" waiver have reached different results on the issue of whether waiver of an opinion on one defense (i.e. non-infringement) also triggers a waiver of an opinion of other defenses (i.e. invalidity and unenforceability). Mobile relies on cases which have held the waiver extends to any document or opinion that embodies or discusses a communication to or from the client concerning all defenses to willfulness. On the other hand, Nissan relies on a case from this district, wherein the court has held that the waiver extends only to the issues specifically addressed in the advice of counsel opinion. *See Autobytel, Inc. v. Dealix Corp.*, 455 F.Supp.2d 569 (E.D. Tex. 2006).

The above-quoted portion of *Echostar* may seem to hold that the privilege waiver is not limited to the particular nature of the advice of counsel defense, here, infringement, but waives attorney-client communications about validity and enforceability as well. However, as discussed in *Autobytel*:

> The purpose of the advice-of-counsel privilege waiver is to allow an inquiry into the infringer's state of mind regarding the infringer's reasonable reliance on its advice of counsel. Non-infringement, invalidity, and unenforceability are separate and

independent defenses to infringement. If a defendant has reasonably relied on
ultimately erroneous advice of counsel that a patent is invalid, unenforceable, or not
infringed, the advice is evidence that the infringement was not willful.

*Autobytel*, 455 F.Supp.2d at 575. A court within this district has considered the issue before the
Court and found questions of validity and infringement distinct, and that counsel's opinions on
validity may be irrelevant to the question of willfulness if the defendant does not claim it relied on
advice of counsel on invalidity.

Here, Mobile asserts the facts of this case justify extending the scope of Nissan's waiver to
invalidity. Even though the opinion rendered by Foley & Lardner relates only to the non-
infringement of claims 13-16 of the '931 patent, Mobile asks the Court to extend the waiver beyond
non-infringement to invalidity for the following reasons.

First, according to Mobile, Mr. Law's handwritten notes indicate that his role was originally
not limited to a non-infringement analysis, but also included an invalidity analysis. Mobile states
that after Mr. Law reviewed the Panasonic and Clarion opinions, he only provided a non-
infringement report. Mobile states it is entitled to discover the full scope of Mr. Law's opinions to
Nissan, whether or not those were recorded in Mr. Law's July 12, 2007 formal written opinion.

Second, Mobile contends Mr. Law played a key role in Nissan's pre-trial investigation,
making privileged documents exchanged between Nissan and Foley & Lardner discoverable. Third,
Mobile asserts Nissan specifically retained Mr. Law to review and comment on the opinion of
counsel commissioned by Panasonic, and the formal opinion letter relies upon the same Panasonic
technical diagram and declaration offered by Panasonic engineer as does Nissan's non-infringement
expert. According to Mobile, if Mr. Law found Panasonic documents and engineering testimony
relevant enough to include in his written opinions, other Panasonic documents circulated with earlier

drafts fall within the subject matter of that opinion. Finally, Mobile asserts the final written opinion of counsel produced by Foley & Lardner relates to both non-infringement and prior art, mandating that all documents regarding that subject matter be produced.

Regardless of Mr. Law's role, any communications and communicated work product unrelated to the non-infringement opinion have no utility in determining whether Nissan's reliance on Mr. Law's opinion was reasonable. *Autobytel*, 455 F.Supp.2d at 575. Additionally, while the '069 patent is a continuation of '931 patent, Nissan did not waive privilege as to '069 patent. There is no evidence the '931 patent and the '069 patent are tied together. *Autobytel* provides that the scope of the waiver is limited to scope of the opinion produced, and Nissan is relying on the Foley & Lardner opinion of no literal infringement of the '931 patent.

In addition, the Court is not convinced the Foley opinion "relates to" prior art as urged by Mobile. According to Nissan, Mr. Law's reference to U.S. Patent 5,243,640, issued to Ford in September of 1993, was an attempt to describe the state of the art at the time the '931 patent was prosecuted. Nissan states this reference was part of Mr. Law's infringement analysis under the doctrine of equivalents. What's more, Nissan states the only infringement at issue in this lawsuit is literal infringement; infringement under the doctrine of equivalents is thus irrelevant.

Mobile is not entitled to documents regarding Nissan's in-house investigation of the '931 patent unrelated to non-infringement. Again, Nissan has produced all of its in-house documents relating to the subject matter of the opinion of counsel upon which it relies to defend against charges of willful infringement. Specifically, Nissan has provided Mobile with documentation regarding the guidelines of the patent investigation, communications with in-house counsel and outside counsel regarding the guidelines, several specification tenders detailing several systems incorporated into

14

Nissan vehicles, manuals detailing the function of the Mobile Entertainment System, and the communications between Mr. Law and Nissan relating to issues of infringement/non-infringement.

Mobile seeks more, asserting Mr. Law "played a key role in Nissan's pretrial investigation and that documents evidencing this type of prelitigation conduct should be produced."[4] Regardless of Mr. Law's role in a pre-trial investigation, any communications or communicated work product that are unrelated to the non-infringement opinion of claims 13-16 of the '931 patent are irrelevant in determining whether Nissan's reliance on Mr. Law's opinion was reasonable. *Autobytel*, 455 F.Supp.2d at 575.

In sum, the Court does not find Nissan's waiver regarding non-infringement includes all defenses to willfulness or that Nissan must produce all privileged Nissan documents regarding willful infringement. This portion of Mobile's motion is **DENIED**.

## IV. MOTION TO EXCLUDE MATERIALS DISCLOSED OUT OF TIME

A.    **Mobile's assertions**

In its second motion, Mobile moves the Court for an Order striking from evidence and precluding from use at trial numerous documents first produced by Nissan after the close of fact discovery, summary judgment briefing, and/or expert reports. Mobile asserts Nissan continues to produce documents piecemeal beyond the end of discovery and the disclosure of initial expert testimony. According to Mobile, Nissan has attempted to introduce and rely upon several documents that it refused to produce to Mobile until after expert reports were served. Mobile requests the late-produced documents be stricken from evidence and any use by Nissan in this case.

Specifically, Mobile requests the Court exclude the following documents: (1) Nissan's

---

[4] Mobile's mot. at pg. 11.

production of documents labeled as "CLA00001-CLA001712;" (2)   Nissan's production of documents labeled as "013767-013843;" and (3) Nissan's production of documents labeled as "PAN001850-002249." Mobile requests the Court disregard each of these documents in consideration of the parties' dispositive motions and preclude Nissan and its experts from introducing, mentioning, referencing or relying upon at trial any of the aforementioned documents.

At the hearing on Mobile's motion, Nissan addressed the three categories of documents, how they were obtained, and how they were produced.  According to Nissan, both sides have produced documents out of time.

**B.     Applicable Law**

Federal Rule of Civil Procedure 16(b) provides as follows: "A schedule shall not be modified except upon a showing of *good cause* and by leave of the district judge or, when authorized by local rule, by a magistrate judge." (Emphasis added).  The Fifth Circuit has stated four factors trial courts must consider when determining whether good cause exits to allow a deviation from the court's scheduling order: (1) the explanation for the failure to [complete the discovery within the deadline]; (2) the importance of the [modification of the deadline]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice.  *Reliance Ins. Co. v. The Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir.1997); *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990).  With this standard in mind, the Court considers each of the categories below.

**C.     Discussion**

**1.     Nissan's production of documents labeled as "CLA00001-CLA001712"**

Regarding Clarion documents labeled CLA00001-01712, there was a several month delay

16

between Nissan's receiving the documents and producing the documents. According to Nissan's counsel, he was in communication with Mr. Hill, the primary lawyer for Mobile at the time, regarding Clarion's license. Nissan's counsel and Mr. Hill were discussing whether Mr. Hill would drop the Clarion products. Given these conversations, Nissan did not produce the documents at that time. In May of 2007, Mr. Hill's co-counsel informed Nissan that the Clarion products would not be dropped. However, Nissan did not produce the documents until July of 2007.

In assessing good cause, the trial court primarily considers the diligence of the party seeking to alter the existing schedule. *See Deghand v. Wal-Mart Stores, Inc.*, 904 F.Supp. 1218, 1221 (D.Kan.1995). The party's explanation for seeking relief from the schedule must demonstrate that it could not have met the deadline despite its diligence. Nissan's explanation does not show this.

Not only has Nissan failed to demonstrate good cause for its failure to timely produce the Clarion documents labeled 00001-01712, but the Court is also not convinced of the importance of the documents. Thus, the Court is of the opinion this portion of Mobile's motion should be **GRANTED.** The Court will disregard each of these documents in consideration of the parties' dispositive motions. Nissan and its experts are precluded from introducing, mentioning, referencing or relying upon at trial any of the aforementioned documents.

2.     **Nissan's production of documents labeled as "013767-013843"**

According to Nissan, the Nissan documents labeled 013767-013843 are additional survey materials produced in supplementation to a specific discovery request by Mobile. At the hearing, Nissan's counsel explained that it did not occur to Nissan to produce the requested documents earlier, and Nissan produced the documents as soon as they were collected after requested by Mobile. Nissan states it is not relying on the documents and does not object to an order excluding documents

17

labeled 013767-013843.

Thus, the Court is of the opinion this portion of Mobile's motion should be **GRANTED.** The Court will disregard each of these documents in consideration of the parties' dispositive motions. Nissan and its experts are precluded from introducing, mentioning, referencing or relying upon at trial any of the aforementioned documents.

3.    **Nissan's production of documents labeled as "PAN001850-002249"**

Regarding documents labeled PAN001850-002249, Mobile finds it difficult to believe Nissan did not have access to the challenged documents within the fact discovery deadline. According to Mobile, Nissan admits to ongoing discussions with its supplier Panasonic about the accused devices and their alleged infringement of the '931 patent (and the closely related '069 continuation-in-part patent) since at least April of 2004, and now claims to actually be an effective "joint" defendant with Panasonic. Mobile contends the fact that Nissan claims in this case to be party to a "joint defense agreement" with Panasonic, which agreement was entered into over a year ago, belies any potential suggestion by Nissan's counsel that it could not control the pace by which documents came from Panasonic

At the hearing, Nissan explained that it issued subpoenas to Panasonic regarding documents in January of 2007. Even though Nissan admits it had been communicating with Panasonic, Nissan states there is not an open-door policy regarding documents. Nissan thought it had received all the requested documents in February of 2007. But, during its work with Dr. Mercer during the summer on Dr. Mercer's non-infringement expert report, Dr. Mercer requested additional documents. Nissan then requested additional documents from Panasonic. According to Nissan, Panasonic documents 1850-1855 were produced to Nissan on August 7, 2007, and Panasonic documents 1856-2249 were

produced to Nissan several weeks later. Nissan states it produced the documents to Mobile as soon as it received them.

Nissan's explanation demonstrates Nissan could not have met the deadline despite its diligence. Nissan issued a subpoena to Panasonic within the discovery deadline, but it did not receive the documents until after deadline. Additionally, Nissan has demonstrated the importance of documents. The Panasonic documents are important helped Dr. Mercer understand the differences between 2007 vehicle and prior models.

However, Mobile asserts it has been prejudiced by Nissan's late production of these Panasonic documents. According to Mobile, it was not able to take the depositions of Panasonic, Clarion, and Nissan fact witnesses who participated directly or indirectly in testing performed by Dr. Mercer. In addition, Mobile states the Panasonic documents were not furnished to Mobile's experts.

Assuming Mobile has been prejudiced by the delay in Nissan's production, the Court considers the availability of a continuance to cure such prejudice. Nissan asserts the Panasonic documents were produced in advance of the relevant depositions, curing any prejudice that may have existed. What's more, the trial in this case has been continued to January of 2008, providing time to cure any prejudice. The Court will allow Mobile to supplement its expert reports utilizing documents labeled PAN001850-002249, if necessary, within twenty days from the date of entry of this Order. This portion of Mobile's motion is **DENIED**.

Based on the foregoing, it is

**ORDERED** that Plaintiff's Motion to Compel Privilege Log Documents (Docket Entry # 159) is **GRANTED IN PART and DENIED IN PART** as specified in Section III. It is further

**ORDERED** that Plaintiff's Motion to Exclude Materials Disclosed Out of Time (Docket

Entry # 161)  is **GRANTED IN PART and DENIED IN PART** as specified in Section IVC.

**SIGNED this 14th day of November, 2007.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE

20

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| MOBILE MICROMEDIA SOLUTIONS LLC, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 505-CV-230 |
| vs. | § § § | JUDGE FOLSOM |
| NISSAN NORTH AMERICA, INC. | § § | JURY |
| Defendant. | § § | |

## AMENDED DOCKET CONTROL ORDER

The Court having considered the parties' Joint Motion for Entry of an Amended Docket Control Order with Regard to All Remaining Deadlines has determined that it should be in all things GRANTED.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that the motion is GRANTED in its entirety so that the following schedule now applies for the remainder of this case:

| Step | Event | Schedule |
|---|---|---|
| 26 | Deadline for Plaintiff's final infringement contentions | 06/29/07 |
| 27-31 | Defendant makes unenforceability contentions, invalidity contentions, disclosures related to willfulness, and document production related to its unenforceability contentions | 07/13/07 |
| 32 | Deadline for disclosure of expert testimony on issues for which a party bears the burden of proof | 07/13/07 |
| 33 | Deadline for disclosure of rebuttal expert testimony and Plaintiff's supplemental expert testimony on Defendant's willfulness disclosures | 08/06/07 |
| | Deadline for any disclosure of Defendant's rebuttal expert testimony on willfulness.  (Defendant will make any such expert available for deposition by September 7, 2007.) | 08/24/07 |

AMENDED DOCKET CONTROL ORDER                                      PAGE 1

| 35 | Deadline for completion of expert discovery. | 08/31/07 |
|---|---|---|
| 36, 38 | Deadline for objections to other parties' expert witnesses and filing all *Daubert* motions | 09/14/07 |
| 39-41 | Deadline for parties to make pretrial disclosures and to exchange information for Joint Final Pretrial Order, Proposed Jury Instructions and Verdict Form | 09/21/07 |
| 42 | Parties to file Proposed Joint Pretrial Order, Proposed Jury Instructions, Joint Verdict Forms, and Motions in Limine.  Prior to the initial pretrial conference, parties shall confer with each other regarding the other party's Motions in Limine, deposition designations, and exhibits and shall submit to the Court in writing any objections they may have to the other party's Motions in Limine, deposition designations, and exhibits. | 10/01/07 |
| 43 | Initial Pretrial Conference and hearing on Motions in Limine, if required, and hearing on objections to deposition designations and exhibits | 10/22/07 |
| 44 | Final Pretrial Conference | 11/5/07 |
| 45 | Jury selection | 11/6/07 |

SIGNED this 19th day of June, 2007.


DAVID FOLSOM
UNITED STATES DISTRICT JUDGE